**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1068**

THEODORE JUSTICE,

Plaintiff − Appellant,

v.

NORTH CAROLINA DEPARTMENT HEALTH AND HUMAN SERVICES SECRETARY; GRANVILLE COUNTY BOARD OF COMMISSIONERS,

Defendants – Appellees.

and

UNITED STATES DEPARTMENT OF AGRICULTURE,

Defendant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:18-cv-00187-BO)

Submitted:  June 26, 2019                    Decided:  August 21, 2019

Before DIAZ and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Theodore Justice, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theodore Justice filed a pro se complaint against several government entities that administer the SNAP program. He sued under 42 U.S.C. § 1983, claiming that the defendants improperly denied him a certain deduction from his income for purposes of calculating SNAP benefits. When Justice applied to proceed in forma pauperis, the district court dismissed his complaint as frivolous. Justice now appeals that dismissal, and he has applied to appeal in forma pauperis. We grant leave to appeal in forma pauperis, vacate, and remand.

The district court read Justice's complaint to assert claims under the Fourteenth Amendment. However, we read Justice's complaint to allege that certain government entities violated rights created by federal statutes and regulations—specifically, 7 C.F.R. § 273.9(d)(3)(ix)—not constitutional rights. Justice's complaint thus appears to present a novel question, i.e., whether a SNAP beneficiary claimant may sue the agencies that administer SNAP under § 1983 for improperly calculating the beneficiary's income.

In many situations, § 1983 confers a cause of action for a plaintiff to sue persons who violate the plaintiff's federal statutory rights under color of state law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 280 (2002); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997). A plaintiff may use § 1983 as a cause of action if the defendant infringed a right that a federal statute unambiguously conferred on the plaintiff—provided that Congress did not expressly or impliedly foreclose a § 1983 cause of action. *Gonzaga Univ.*, 536 U.S. at 283–85, 284 n.4.

The law is unsettled on whether Justice has a § 1983 cause of action under these circumstances. While we express no view on the merits of Justice's claims, there is at least a plausible argument that the SNAP statute and regulations unambiguously confer rights on SNAP benefits claimants in such a manner that a § 1983 cause of action is available to enforce those rights. Given that possibility, we conclude that Justice's complaint is not frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B)(i). Whether he ultimately prevails on his claims or not, Justice's complaint does not present a "fantastic or delusional scenario[]." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

We therefore grant leave to appeal in forma pauperis. We vacate the district court's order dismissing Justice's complaint and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*